*EXHIBIT A*

RECEIVED
NOV 2 0 2018
Alan E. Bernick

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF WASHINTON                                   TENTH JUDICIAL DISTRICT

JEFFREY JOHNSON,

                         PLAINTIFF,

                                      **SUMMONS**

v.

ANDERSEN CORPORATION,

                         DEFENDANT.

THIS SUMMONS IS DIRECTED TO DEFENDANTS ABOVE-NAMED.

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the court and there may be no court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

                        Martin B. Ho
                        **STINGLEY & HO, P.L.L.P.**
                        222 S. 9th St., Suite 1600
                        Minneapolis, Minnesota 55402
                        Tel. (612) 332.1622

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the

Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 15, 2018

**STINGLEY & HO, P.L.L.P.**
Martin B. Ho, (#283022)
222 S. 9th St., Suite 1600
Minneapolis, Minnesota 55402
Tel (612) 332.1622

*/s/ Martin B. Ho*

Attorneys for Plaintiff JEFFREY JOHNSON

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF WASHINTON | TENTH JUDICIAL DISTRICT |

JEFFREY JOHNSON,

                PLAINTIFF,

**COMPLAINT**
v.                                                           **JURY DEMAND**

ANDERSEN CORPORATION,

                DEFENDANT.

      Jeffrey Johnson, for his Complaint against Defendant, states and alleges as follows:

## JURISDICTION

1.      This case is brought pursuant to the Workers Compensation Anti-Retaliation Prvisions and the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq., specifically §§ 2615(a)(1) & (2).

## PARTIES

2.      Plaintiff Jeffrey Johnson is a resident of Minnesota.

3.      Defendant Andersen Corporation is an international window and door manufacturing enterprise employing approximately 12,000 people at more than 30 manufacturing, logistic centers and company owned retail locations. Andersen is a private company with its headquarters in Bayport, Minnesota. Defendant is an employer subject to the Family Medical Leave Act and the Minnesota Human Rights Act.

## FACTS

4. Plaintiff began employment with Defendant in 2014.

5. During the course of his employment with Defendant, Plaintiff performed many job duties and functions.

6. During the course of Plaintiff's more than two years of employment with Defendant, Plaintiff suffered from carpel tunnel issues.

7. Plaintiff reported his carpel tunnel on November 11, 2016,

8. Defendant terminated Plaintiff on November 19, 2016. The reason that was given was Plaintiff had spent too much time in the rest room. This if pretext for Defendant's true reasons, FMLA retaliation and workers compensation retaliation.

9. Plaintiff is damaged by Defendant's actions, included but not limited to having lost wages and benefits and damages for pain and suffering damages in excess of $50,000.

## COUNT ONE
## VIOLATIONS OF FMLA
## INTERFERENCE, ENTITLEMENT & RETALIATION

Plaintiff incorporates all the foregoing allegations as if restated herein.

10. Defendant violated the Family Medical Leave Act, by terminating Plaintiff for exercising and or attempting to exercise his FMLA rights and by otherwise interfering with her exercise of his FMLA rights. Defendant both interfered with Plaintiff's exercise of the rights he was entitled to under the statute, including, but not limited to, failing to restore him to his position after him leave, and retaliating against his for requesting and

taking leave in violation of FMLA, 29 U.S.C. §§ 2601, et seq,. specifically §§ 2615(a)(1) & (2).

11. Plaintiff is damaged by Defendant's conduct in an amount as yet to be determined, but believed to exceed $50,000.

## COUNT TWO
## VIOLATION OF MINN. STAT. § 176.82
## UNEMPLOYMENT RETALIATION

Plaintiff incorporates all the foregoing allegations as if restated herein.

12. Defendant violated Minn. Stat. § 176.82, subd. 1, by terminating Plaintiff because he had applied filed a worker's compensation claim.

13. As a direct and proximate result of the acts alleged above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, past and future wage and benefit loss in excess of $50,000.00.

## COUNT THREE
## WORKER'S COMPENSATION RETALIATION
## FAILURE TO OFFER CONTINUED EMPLOYMENT

Plaintiff incorporates all the foregoing allegations as if restated herein.

14. Defendant violated Minn. Stat. § 176.82, subd. 2, by failing to offer Plaintiff comparable, available work.

15. As a direct and proximate result of the acts alleged above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, past and future wage and benefit loss and past and future paing and suffering damages in excess of $50,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Declaring Defendant's actions to be willful violations of the law;

2. Awarding Plaintiff damages for lost past and future pay loss and benefits in an amount in excess of $50,000, doubled under FMLA and trebled under the MHRA;

3. Awarding Plaintiff damages for past and future pain and suffering, trebled under the MHRA;

4. Awarding Plaintiff her costs of suit, including attorneys fees;

5. Reinstating Plaintiff to her position or a position; and

6. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by jury on issues triable to a jury.**

Dated:  November 15, 2018                    STINGLEY & HO, P.L.L.P.

                                             _____
                                             Martin B. Ho, #283022
                                             222 South Ninth Street, Suite 1600
                                             Minneapolis, Minnesota  55402
                                             Tel. (612) 332-1622

                                             Attorneys for Plaintiff Jeffrey Johnson

## ACKNOWLEDGMENT

The parties upon whose behalf this pleading is submitted, by and through the undersigned, hereby acknowledge that sanctions may be imposed for a violation of Minn. Stat. § 549.211.

Dated:                                       STINGLEY AND HO, P.L.L.P.

                                             _____
                                             Martin B. Ho, (#283022)

SERVE

RECEIVED

NOV 19 2018

Washington County